numbers 23-2358 and 23-2359. Laura Smith et al. versus Boeing Company et al. Mr. Hilsman will begin with oral argument from you. Thank you. In Lewis v. Lewis and Clark Marine, the Supreme Court singled out trial by jury as one of the obvious remedies that is saved to suitors by the Savings to Suitors Clause. And if I may, over the next few minutes I'd like to discuss the availability of that remedy in this case on behalf of both appellants. The appellants in this case, the Manfredi family and the Chandra family, filed their claims under the Savings to Suitors Clause. Their claims are currently pending on the law side of district court by virtue of both diversity jurisdiction and multi-party multi-forum jurisdiction. Neither family asserted admiralty jurisdiction. Neither family invoked Rule 9H. Everybody agrees that the statutory requirements for Sections 1332 and 1369 are met. What's more, everybody, including Boeing, requested a jury in this case. And it follows, per force, as a matter of constitutional importance, that the Seventh Amendment guarantees both the Manfredis and the Chandras a jury trial in this case. Unless DOSA somehow creates a remedy that can only be asserted in admiralty. Now, we concede that for decades there was a good deal of confusion about that point and a great deal of lower court conflict. In fact, all of the cases on which Boeing relies either date from that era or rely on authority from that era. But all that confusion was resolved by the Supreme Court in 1986 when, in offshore logistics versus tally tire, the court held that the Mann Amendment, which is currently codified in 46 U.S.C. 30308, amounted to a Savings Clause, which made jurisdiction over DOSA claims concurrent. Since the tally and tire decision, it is a matter of hornbook law that non-admiralty courts, including federal district courts on the law side, are competent to hear and administer common law remedies in DOSA claims. I want to emphasize that's not just our position. That's the position of the American Law Institute. It's the position of Professors Miller and Wright, the authors of Federal Practice and Procedure. And perhaps most importantly, it's the position of the six most preeminent admiralty scholars in the country, five of whom have submitted an amicus brief in support of our position, and one of whom, Professor Sterling, is sitting with us at counsel table. It is simply wrong for Boeing to argue that DOSA can only be heard in admiralty. DOSA's mantra that a DOSA claim must be filed in admiralty doesn't appear anywhere in the text of DOSA. The language in DOSA is permissive. Section 30302, 30305, and 30306 all say the same thing, that a DOSA claim may be filed. Mr. Hiltzman, does the may apply to bring in that phrase, or does the may apply to in admiralty in this case? It may apply in admiralty, to this extent, Your Honor. If Congress had wanted to insist that the cases could only be filed in admiralty, they could say that DOSA claimants may bring a claim in admiralty, but only in admiralty. It certainly knows how to use mandatory language when it has to. DOSA simply creates two things. It creates a U.S. forum law remedy, or right, that can be sued that claim. The ability to elect to proceed in admiralty if they choose to. As this court held in Lujang Hong versus Boeing, a statute which provides one type of jurisdiction does not negate any other types of jurisdiction. Back to the text of the statute. Yes. What do you make of Boeing's argument now the original version of the statute does have in admiralty set off by Boeing tells us, well that's significant, particularly since we know the rewrite of the statute was not meant to produce any substantive changes in law. It was just about clarity. Why shouldn't we find that significant? Well, for this reason, Your Honor. DOSA is a, the DOSA statute was a statute in making for two decades. It was stitched together by many different Congresses over a long period of time, and certainly early provisions tried to have the case held only in admiralty, but those provisions were eliminated, and indeed the last part of DOSA was Section 7, the man amendment, which is the very amendment which calls for concurrent jurisdiction. The Supreme Court's decision in Tallentire makes it clear after 1986, whatever confusion there may have been prior to that time, since 1986, Tallentire makes it clear that there is concurrent jurisdiction, and therefore that non-admiralty courts have the competence to apply common law remedies to DOSA claims. I think the main point I want to make, Your Honors, is that in admiralty, the savings to suitors clause has made exclusive jurisdiction the narrow exception, and concurrent jurisdiction, the well-entrenched rule since 1789, and the Supreme Court made it very clear in Panama Railroad Company versus Johnson that before an entrenched remedy, a remedy that's been entrenched in the law by the savings to suitors clause can be uprooted, there should be a clear congressional command. This court will find no such command anywhere in the language of DOSA, and to the contrary, the man amendment, which is now again makes it absolutely plain, indeed commands, that jurisdiction should be concurrent. A good example of that is indeed the situation in Johnson. The Jones Act, as the court may recall, indicates on its face that a seaman may bring a claim at law, and the petitioner in Johnson insisted that may means must, and that one could not bring a claim in admiralty, and the court said absolutely not, that interferes with the suitors constitutional right, or I beg your pardon, suitors save right to choose the forum, and what the court said is that we think that this language may fall short of that certainty, which naturally would be manifested in making an intended departure from the long-prevailing policy evidenced by the savings clause. Shilsman, we want to get Mr. Bartlett in here, you will have some time for rebuttal. Thank you very much. Very good, thank you. Mr. Bartlett, let's have you come forward. May it please the court, if I could actually seize on Judge Ripple's phrase from the last argument about the outer limits, that's what I'd like to talk with this court today for the brief time I have. It's about what is DOSA's outer limits for preemption purposes, and I'd like to go back to the text. The text of DOSA refers to, under 30302, the death of an individual on the high seas. It's also the short title of the statute. It doesn't mention anywhere land. In this case is admittedly a very strange circumstance. You have 50% of the flight over land, and 50% over water, and Boeing and the district court want to focus on the second half of that flight, but the first half of the flight over land, when this aircraft was malfunctioning, bucking up and down repeatedly, plunging 600 feet, terrifying the passengers, those injuries accrued over land. And so the issue is, are we raising the property damage claim? From a textual basis, reading the Death on the High Seas Act, there's no reference to land whatsoever. DOSA rather establishes a high seas locality test. And in the Rodriguez case versus Aetna, which we cite in our brief, the Supreme Court said that the Death on the High Seas Act does not apply to either artificial or natural islands. Now the heavily relies on which the district court found favor with said that there is not pre-death suffering for a decedent under DOSA's survival provision. But that is only within the area that DOSA applies, the high seas. What we're asking this court to do is to not ignore the first half of the flight. This is a case where basically Rodriguez and Dooley are fused together. This is a land case and a sea case. And on behalf of the victims, the Chandra family, the Manfredi family, we're asking that this court not allow what I consider one of the most muscular assertions of admiralty jurisdiction to crawl ashore on land and to extinguish 50% of this claim, the land-based claim. We ask that the court recognize and adhere to what has stood for well over a century, that we're talking about admiralty law, we're talking about the high seas or water, navigable waters. And if you if you look at the cases like Lujanhong, which this court authored, where there was a case where there was a malfunctioning on land, it was actually the opposite of this case. The aircraft is behaving erratically over navigable water, then impacts the seawall of the shore. But that's because of the Admiralty Extension Act. Now that does mention land, but it only it's a one-way bridge. It only applies where a vessel or an there's a mishap over water, which then results in injury on land. Here there's an aircraft, a MAX aircraft, that was behaving erratically over land, plunging up and down, plunging up and down. Emotional distress suffered, which accrued under a Illinois survival statute at the time of injury, not the time of death. I see I'm out of time. You may finish. And what we're what we're asking is is that that survival claim, which accrued over land, be allowed to proceed. That does not conflict with DOSA's text. We ask that this court reverse. Thank you very much. Thank You Mr. Bartlett. Mr. Houston will now move to you for oral argument on behalf of the appellee. May it please the court. I'd like to start with the jury trial issue, the only question that Judge Durkin below found suitable for interlocutory appeal. The other federal courts to consider this question overwhelmingly agree with Judge Durkin that the death on the High Seas Act, the statutory cause of action that Congress created in Admiralty, does not confer the right to a jury trial. As I noted in the text, created a cause of action in Admiralty. It's important for this court to consider what the Congress that wrote that statute in 1920 would have thought about those words. And Romero, the decision of the Supreme Court, discusses that issue comprehensively. It explains that in 1920 Congress was well aware and had been aware since the first Judiciary Act that there was a dramatic difference between hearing a cause of action in federal court in Admiralty versus hearing a cause of action on the law side. And a Congress that knew that would have also known that putting a cause of action in Admiralty sent it expressly to the law to the Admiralty side of the federal courts, not to the law side. That's why the Supreme Court in Romero at note 28 expressly rejected the plaintiff's argument and said that the death on the High Seas Act does not carry the right to a jury trial. The court also noted that in the entire case, Congress has not once created a statutory cause of action in Admiralty that could be heard on the law side of the federal courts. The only known example of such a statute is the Great Lakes Act, where Congress of course expressly provided that the cause of action would be in Admiralty, but the plaintiffs would have the right to a jury trial. The Great Lakes Act was recognized by Romero as an anomaly for that reason. I think Romero establishes the principle that controls this case when it said that courts are forbidden from drawing the inference that a statutory cause of action in Admiralty actually can be heard on the law side. The sharp contrast between the death on the High Seas Act and the Jones Act, which was passed just a few months later as a companion statute, drives this point home. I would urge the court to take a look at the original text of the Jones Act, which my friend mentioned. Here's what it said, that any seaman may at his election maintain an action for damages at law with the right of trial by jury. That is precisely how to create the statutory opportunity that my friends believe they should have. If Congress wanted to write a statute that conferred someone who died on the high seas the option to bring their claim on the Admiralty side or on the law side, it knew precisely how to did it, how to do it. It did it just a few months later in the Jones Act. I think it's also worth pausing to consider the other statutes that my friends agree do not allow the claims to be brought on the law side of excuse me, yeah, on the law side of the federal courts. Things like the Ship Owners Liability Act, the Suits in Admiralty Act, all of these provisions have the same basic structure as DOSA. They all say, they all use the word may, yes, precisely Judge Ripple, that's exactly my point. They all say, here's the vessel may bring a civil action, the Ship Mortgage Act, a civil action may be brought, the Suits in Admiralty Act works the same way. So I think we know, the plaintiffs acknowledge, that the fact that the cause of action says the plaintiff may bring the action cannot be the thing that authorizes it to be brought on the law side. That's also of course just the fact, as I think your question alluded to Judge Brennan, that all causes of action are permissive. It would be odd to write a statute, a cause of action that says the plaintiffs are never required to bring a possible action. Can you address their argument about Talentire, please? Yes, absolutely, Judge Jackson. I think that it is notable that the plaintiffs have not identified a single case in the history of American law where a court thought that whether a statutory cause of action in federal court can be heard with a right to a jury trial. Nobody has ever thought that a question. They're just two entirely different questions that don't have anything to do with each other. Talentire recognized that Section 7 of DOSA creates concurrent state court subject matter jurisdiction. That's true. A plaintiff has the option to bring a DOSA action in a state court and the state court is competent to adjudicate that action. But that doesn't say anything about when the action is in federal court, whether it does or does not create a jury trial right. What answers that question in federal court is the federal rules of civil procedure. And both Rule 9H1 and Rule 38 refer to exclusively federal causes of action. That question though, the preemption question, is the question that wasn't certified. Yet it's certainly tied up in the arguments that we're hearing from the appellants here. That's right, Your Honor. They're asking the court to exercise its discretion to consider an issue that Judge Durkin found was not suitable for interlocutory appeal because it has been conclusively rejected more than once by the Supreme Court in both the Talentire case and the Dooley case. Those are the Supreme Court's precedents and the holding of the court in both of those cases is that Congress intended the statutory cause of action under DOSA to be comprehensive. It provides the comprehensive remedy for the quote wrongful act. I think all you really need to know about my friend's argument under the preemption issue is that they are attempting to ask, they want a cause of action for the very same wrongful act that killed their loved ones, and that's the allegedly defective aircraft design. They want that wrongful act to create additional damages beyond what DOSA allows. I think that is exactly what the Supreme Court in Dooley and in Talentire said the statute does not allow. Is Talentire correctly decided? I don't have any qualms with Talentire, Your Honor. It's an interpretation. Talentire has been criticized over the record. You wish it weren't around, don't you? I'm sorry, Your Honor? You wish it weren't around. No, not at all, Your Honor. If anything, I think frankly Talentire is helpful to us because what it establishes is that the section 7 of DOSA, the provision on which my friends rely for their jury trial argument, creates subject matter jurisdiction in the state courts, but that's all that provision does. It only creates subject matter jurisdiction in the state courts. It is filed in the state court and nobody bothers to remove it. Yes, Your Honor. How does the state court judge try the case? It depends on the state rules of civil procedure, Your Honor, and this is just the principle that has been recognized. This is true in all federal, in all causes of action. Of course, the general principle of our law is that state and federal courts are both competent to exercise concurrent subject matter jurisdiction, and then whether a right to a jury trial exists in a federal court versus a state court, it just depends on the differences between the state and federal rules of civil procedure, and again, I think that's true here. So that when this court in a federal court is deciding whether a jury trial right exists, it looks to the rules. It looks to Rule 38. So in effect, you can deprive the litigant of a jury trial by removing it, right? Well, it depends, Your Honor, on what the state rules of civil procedure provide, but I think, again, that too is not an uncommon feature of the law. In any case where a state court would or would not, you know, offer a right to a jury trial, removal of that case under the removal statute will take the case into the federal court and it will now be governed. The jury trial question will be governed by the federal civil rights. Outside of the Dozier situation, it's kind of a different intensity to give weight to the jury trial. I think as a practical matter, that's right, Your Honor, but respectfully, I just don't think that it makes a difference here because when Congress enacted this statute, it knew that there was this very long history dating before the founding of the nation where federal courts hearing causes of action in admiralty never heard them with jury trials. I understand why that where law and admiralty and equity have been merged, but it would have been entirely familiar to Congress and as I think Romero said, in every case in the whole history of maritime legislation in this country where Congress wanted to create a cause of action in admiralty, that never gave the right to a jury trial except in the Great Lakes Act where Congress did so expressly. So while we have a long tradition in this country of concurrent jurisdiction between state courts and federal courts, there is no long tradition of statutory causes of action in admiralty that can move between the law side and the admiralty side. That thing doesn't exist except in the Great Lakes Act. That's the teaching of Romero. That's why Romero thought that this is an easy question. Now my friend brought up the scholars. I'm perfectly content to rest with the scholars that emphatically support our position including Brainerd Curry, Gilmore, and Black in the most respected admiral treatise of the 21st century. I don't think the question is ultimately based on counting up scholarly opinion. It's based on the text of the statute and that's really what resolves it here. The cause of action was in admiralty. I think it's also important to note that as the Supreme Court has repeatedly recognized in Dooley and other cases, before 1920 the plaintiffs would have had no opportunity at all to recover for the deaths of their loved ones. There was no cause of action. This is the other respect in which Romero is I think extremely instructive. Romero tells you how to interpret the savings to suitors provision on which my friends will rely. This is at page 362. The savings clause was for matter quote matters maritime that had been traditionally administered by common law courts end quote. We know that that is not what applies here because as Dooley recognized there was no cause of action for wrongful death on the high seas that had been administered by the common law courts. That makes Talentire look awful shaky doesn't it? Your honor again I've read the scholarly criticism of Talentire. I understand it. I'm not here as an advocate to ask you to do anything. I fully take Talentire as it is but what I think Talentire stands for is the meaning of section 7 and it holds that that provision authorizes state courts to exercise subject matter jurisdiction and that's all that provision does. It doesn't say anything about a federal court's the rules of civil procedure, application of the rules of civil procedure or the jury trial right. I think if the plaintiffs were right if their logical syllogism held together they would have been able to identify one case in American law where a court said because this action can be heard in a state court because a state court would be competent to exercise concurrent subject matter jurisdiction in federal court the action must carry the right to a jury trial but no court has ever reasoned that way as far as I can tell. That's because the two questions just don't have anything to do with each other. Again I think it's important to bear in mind that every other time as far as I can tell despite after an exhaustive search in every other instance where Congress has created a statutory cause of action that may be brought in admiralty that cause of action can only be brought on the law side of the federal courts. Again the only exception being the Great Lakes Act where Congress expressly wrote it in and I think again when you look at the history of the Jones Act passed just a few months later where Congress wrote exactly the kind of statute that the plaintiffs ask you to read this one to enact the contrast between those two provisions just a few months apart really couldn't be more clear about Congress's intentions. Can we turn to the other issue here you know we just heard from the plaintiffs here about the injuries the cause of the injuries happened over land and you know those is just about death on the high seas and you know we've got Julian Higginbotham there so can you just take an opportunity to respond please? Absolutely your honor thank you. Two points about that first I think the fact that the wrongful act allegedly occurred on land is entirely irrelevant every court as far as I know that is interpreted the death in the high seas act has has interpreted it that way. I think the one easy way that you can know that that's right is think about the classic event that precipitated the death in the high seas act the sinking of the Titanic obviously if there had been a cause of action they would have said well this thing was defectively designed on the land what matters to DOSA is two things number one where did the plaintiffs die here it's undisputed they died on the high seas then what DOSA says is it's going to create a cause of action that was for the injury quote caused by the wrongful act so where the plaintiff died on the high seas as here the plaintiffs are entitled to bring a wrongful death action for the quote wrongful act that allegedly killed their loved ones but that doesn't what they cannot do is seek to expand DOSA's remedies based on the very same wrongful act they can't say that same wrongful act here the allegedly defective design system also inflicted pre-death pain and suffering and it also you know destroyed our property that is precisely the kind of action of the remedy that is outside Congress's a comprehensive scope that it enacted for DOSA that's why I think Judge Durkin found this question conclusively resolved by the Supreme Court's precedents emphasizing over and over again that Congress intended the cause of action on the high seas to be exclusive DOSA filled a gap it provided an opportunity for these plaintiffs to bring a cause of action where there would have been none before but DOSA also was very particular about who can bring that action family members where it has to be brought in the Admiralty and what remedies are and are not available thank you thank you Mr. Houston Mr. Hilsman we're not going to go back to you for rebuttal argument three minutes loosed a lot of issues that require a response let me start with the most obvious one I've been practicing maritime law for almost five decades now completely misunderstands the savings the saving clause that clause allows every single claim every single Ability claim whether statutory or under judgment to be pursued at law so long as it's pursued in persona the only four exceptions to that are the suits and Admiralty Act the public vessels act the Limitation of Liability Act and the Ship Mortgage Act those acts are excluded from the clause because on policy grounds the Lola Limitation Liability Act and Ship Mortgage Act are in REM remedies that cannot be asserted at law and the public vessels act and the suits and Admiralty Act obviously a way of statutory immunity by the government and the government doesn't choose to be sued anywhere in front of a jury but only before a federal judge in Admiralty every single other Admiralty claim including the Great Lakes Act can be brought at law under the Savings to Suitors Clause so long as it's brought in person as Judge Ripple pointed out the Chandra case began in state court where there was a right to jury the suggestion the Italian tire only allows concurrent jurisdiction to state courts makes no sense jurisdiction is either exclusive or it isn't it's a binary concept if jurisdiction is concurrent it's concurrent not simply in state court but in all non Admiralty courts that's that's that's the way it works exclusivity is an absolute binary concept that doesn't admit decrees the suggestion that Romero governs this case is simply and flatly wrong Romero was laid to rest by tying tire all of the cases that my learned friend cites when he says that the great majority of cases support his position are district court cases there have only been four circuit court cases since doses that deal with this issue the most recent one was in 1986 40 years ago there are two cases Higa from the Ninth Circuit and Pierce from the Ninth Circuit which are both decided prior to tie entire and have both been laid to rest by tying tire and there are two Fifth Circuit cases curry which is pre tie entire and was laid to rest explicitly by tying tire and the Italian tire decision which oddly enough didn't address the jury issue no circuit court case can be cited for the proposition that we're discussing here this is the first circuit that is to consider this issue since on its face since the time entire decision there's no such thing as quasi exclusive jurisdiction jurisdictions either exclusive or it isn't you know and I see my time has you want to finish up I appreciate it I they see when all is said and done again this is not just our position this is the position of the ally the eminent professors the suggestion that professors curry Gilmore and black have suggested otherwise again in horse talion tire all three of those gentlemen wrote prior to 1986 every single scholarly article written since talion tire and since 1996 agrees unanimously with our position we therefore ask that in accordance with the briefs and with the professor's briefs that the decisional blow be reversed and the case remanded for a jury trial your honor thank you very much thank you very much mr. Hilsman thank you very much mr. Bartlett thank you very much mr. Houston the case will be taken our advisement you mr. Olson why don't you come on up here to the table thank you the court will next call